UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JUN 2 0 2012
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Robert E. Tippens, Jr.,         )
                                )
       Plaintiff,               )
                                )
v.                              )   Civil Action No. **12 1007**
                                )
Commonwealth of Locality in their )
individual capacity,            )
                                )
       Defendant.               )

## MEMORANDUM OPINION

This matter is before the Court on review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed pursuant to 28 U.S.C. § 1915A (requiring dismissal of a prisoner's complaint upon a determination that the complaint fails to state a claim upon which relief may be granted).

Plaintiff is a Virginia state prisoner incarcerated at the Powhatan Correctional Center in Virginia who appears to be suing the Commonwealth of Virginia over his conviction. Plaintiff contends, *inter alia*, that "attempted unlawful wounding is a void judgment and improper sentence," Compl. at 2, and he seeks $100,000 in damages "due to defendants' fraud, void judgment and an extended prison term for a crime that does not exist[.]" *Id.* at 3.

Because the success of plaintiff's claim would necessarily void his conviction, plaintiff cannot recover monetary damages without first showing that he has invalidated the conviction by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff has not shown the



invalidation of his conviction and, thus, has failed to state a claim upon which relief can be granted.[1] A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Ellen S Huvelle
United States District Judge

Date: June 18, 2012

---

[1] Plaintiff cannot otherwise challenge his conviction in this Court because federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. *See* 28 U.S.C. §2254(b)(1). Thereafter, "an application for a writ of habeas corpus [] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [the applicant] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d).

2